## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ELSID ALIAJ, MARTIN HRONCICH and LUIS RENE DE LA CRUZ FRANCO,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**BERGEN COUNTY ROSECUTOR'S OFFICE, MARK MUSELLA, in his official capacity as Bergen County Prosecutor, BOROUGH OF FORT LEE, BOROUGH OF PARAMUS and TOWNSHIP OF ROCHELLE PARK.**<br><br>Defendants. | Civil Action No.: 2:25-cv-17131 -ES-MAH |

---

## BRIEF ON BEHALF OF DEFENDANT, BOROUGH OF PARAMUS, IN SUPPORT OF MOTION TO DISMISS

---

THE LAW OFFICES OF RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
250 Moonachie Road, Suite 300A
Moonachie, New Jersey 07074
Tel: (201) 440-0675
Attorneys for Defendant, Borough of Paramus

RICHARD MALAGIERE (rm@malagierelaw.com)
Of Counsel and on the Brief

1

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................ii

STATEMENT OF FACTS ................................................................................... 1

LEGAL ARGUMENT ......................................................................................... 8

    I.      THE STANDARD OF REVIEW ........................................................... 8

    II.    THE AMENDED COMPLAINT SHOULD BE DISMISSED AGAINST THE BOROUGH OF PARAMUS BECAUSE IT WAS FILED MORE THAN TWO (2) YEARS FROM THE TIME THE CAUSE OF ACTION ACCRUED ON JUNE 7, 2023 ........................ 10

    III.   THE AMENDED COMPLAINT SHOULD BE DISMISSED AGAINST THE BOROUGH OF PARAMUS BECAUSE IT ALLEGES MUNICIPAL LIABILITY BASED UPON MISTAKE AND THE IMPOSED POLICY OF THE BERGEN COUNTY PROSECUTOR'S OFFICE, NOT A POLICY OF THE BOROUGH OF PARAMUS.................................................................................. 14

CONCLUSION.................................................................................................... 18

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
      556 U.S. 662 (2009)............................................................................................8, 9

*Beck v. City of Pitt.*,
      89 F.3d 966 (3d Cir. 1996) ............................................................... 10, 16, 17

*Bell Atlantic Corp. v. Twombly*,
      550 U.S. 544 (2007)............................................................................................8, 9

*Cito v. Bridgewater Twp. Police Dep't*,
      892 F.2d 23 (3d Cir. 1989) ...............................................................................10

*Conley v. Gibson*,
      355 U.S. 41 (1957)................................................................................................9

*Connelly v. Lane Constr. Corp.*,
      809 F.3d 780 (3d Cir. 2016) ............................................................................10

*Guidotti v. Legal Helpers Debt Resolution*,
      716 F.3d 764 (3d Cir. 2013) ..............................................................................1

*Hill v. Borough of Kutztown*,
      455 F. 3d 225 (3d Cir. 2006) ..........................................................................15

*In re Burlington Coat Factory Sec. Litig.*,
      114 F.3d 1410 (3d Cir. 1997) ...........................................................................1

*Monell v. Dep't of Soc. Servs.*,
      436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d. 2d. 611 (1978) .................. 15, 16

*O'Connor v. Newark*,
      440 F.3d 125 (3d Cir. 2006) ...........................................................................10

*Oshiver v. Levin, Fishbein, Sedran & Berman*,
      38 F. 3d. 1380 (3d. Cir. 1994) ........................................................................11

*Phillips v. County of Allegheny*,
515 F.3d 224 (3d Cir. 2008) ..............................................................................8

*Red Hawk Fire & Sec., LLC v. Siemens Indus.*,
449 F. Supp. 3d 449 (D.N.J. 2020)..................................................................1

*Rivkin v. Dover Twp. Rent Leveling Bd.*,
143 N.J. 352, cert. denied, 519 U.S. 911 (1996) ...........................................10

*Wallace v. Kato*,
549 U.S. 384, 127 S. Ct. 1091, 1095, 166 L. Ed. 2d 973 (2007) .................11

**Statutes**

18 U.S.C. § 922(g) ...............................................................................................7

42 *U.S.C.* § 1983 ......................................................................................... 10, 15

N.J.S.A. 2A:14-2...................................................................................................10

N.J.S.A. 2A:62A-16 ..............................................................................................6

N.J.S.A. 2C:58-20-32............................................................................................6

N.J.S.A. 2C:58-3(c) ..............................................................................................8

N.J.S.A. 2C:58-3(c)(13) ........................................................................................6

N.J.S.A. 2C:58-3(c)(3)...........................................................................................6

N.J.S.A. 2C:58-3(c)(5)...........................................................................................6

**Rules**

*Fed. R. Civ. P.* 12 (b)(6)............................................................................... 1, 8, 9

*Fed. R. Civ. P.* 8(a)(2)..........................................................................................8

## STATEMENT OF FACTS[1]

Plaintiff, Elsid Aliaj, initiated the instant complaint by filing on November 3, 2025. See Declaration of Richard Malagiere, Esq. dated July 21, 2026 at ¶3[2]. In the initial pleading, the only plaintiff was Elsid Aliaj and the named defendants were the Fort Lee Police Department, the chief of the department Matthew J. Hintze, the Bergen County Prosecutor's Office and Mark Musella, the Bergen County Prosecutor. See, Malagiere Dec. ¶3. In the initial complaint, the allegations are exclusively limited to the actions of the Fort Lee police department and the Bergen County Prosecutor's office – the Borough of Paramus is not mentioned. See, Malagiere Dec. ¶3.

On or about, June 1, 2026, an Amended Complaint was filed adding two new plaintiffs, Martin Hroncich and Luiz Rene De La Cruz Frnaco, as well as defendants the Borough of Paramus and the Township of Rochelle Park. See, Malagiere Dec. ¶4. Only plaintiff Martin Hroncich ("Hroncich") asserts claims against the Borough of Paramus. See Malagiere Dec. ¶4 (Amended Compl. ¶¶69-77).

---

[1] Consistent with *Fed. R. Civ. P.* 12(b)(6), the facts here are drawn solely from plaintiff's complaint and documents "integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Acceptable documents include "matters of public record []and undisputedly authentic documents if the plaintiff's claims are based on those documents." *Red Hawk Fire & Sec., LLC v. Siemens Indus.*, 449 F. Supp. 3d 449, 459 (D.N.J. 2020), citing *Guidotti v. Legal Helpers Debt Resolution*, 716 F.3d 764, 772 (3d Cir. 2013).
[2] Hereinafter referred to as Malagiere Dec. ¶___.

Specifically, Hroncich sets out the following factual narrative. Plaintiff Hroncich is a 57-year-old natural person, United States citizen, and a citizen of the State of New Jersey residing in Paramus, Bergen County. Hroncich is a peaceable, law-abiding citizen who is not disqualified in any way from ownership, possession, and use of firearms. See Malagiere Dec. ¶4 (Amended Compl ¶16). On March 4, 2020, Hroncich's then 18-year-old daughter (hereinafter referred to as "F.H."), was involved in a misunderstanding while attending Paramus High School as a student, which caused staff employed by the school's Guidance Department to mistakenly believe that F.H. intended to harm herself. That same day, at approximately 1:00 p.m., officers from the Paramus Police Department ("PPD") were dispatched to the residence F.H. shared with Hroncich at the time, and subsequently transported her to New Bridge Medical Center for evaluation. As was ultimately confirmed by her medical providers, F.H. did not want to harm herself, and she was not a threat to herself or others—rather, she was simply reacting in a manner of a typical teenage high school student who was distraught after breaking up with her boyfriend at the time, when she told a friend that "she did not know what she wanted to do with her life anymore." See Malagiere Dec. ¶4 (Amended Compl ¶¶69-71).

Later the same day, at approximately 7:00 p.m., F.H. was discharged from New Bridge Medical Center with a diagnosis of "Relationship distress with intimate

2

partner." Additionally, F.H.'s medical records contain the following notation under an entry entitled "Summary/Formulation," which noted in relevant part:

> "18 year old female was BIB by police after a misunderstanding. . . On DOE, patient had a break up with her boyfriend, when patent's friend told guidance counsellor. On evaluation she denied suicidal ideation, reports she may have made a statement of 'not wanting to live' out of frustration due to recent break up however does not even remember stating it on evaluation. She is calm, cooperative, forthcoming with history, is anxious and appropriate for the contextual setting… [B]ased off of psychiatric evaluation *this patient does not appear to be an Imminent danger to self, others or property at this time and does not requires [sic.] inpatient hospitalization for stabilization*" (emphasis added).

See Malagiere Dec. ¶4 (Amended Compl 72-73).

Notwithstanding the foregoing, on June 7, 2023, Paramus, consistent with the Denial Policy, denied Hroncich's May 7, 2023 application for a permit to purchase a handgun, citing the <u>mistaken understanding</u> that F.H. was transported to hospital "after she told a friend that she did not want to live anymore" on March 4, 2020. Paramus' denial of Hroncich's May 7 application based on the <u>misunderstood events</u> of March 4, 2020 was inexplicably effectuated despite previously *approving* Hroncich's FPIC application, and prior handgun purchase permit applications on November 4, 2022—*more than two years* after the misunderstanding involving F.H. occurred. [<u>underlined emphasis added</u>]. Malagiere Dec. ¶4 (Amended Compl ¶¶74, 75).

3

Subsequently, following Hroncich's appeal of Paramus' denial of his May 7, 2023, application, on August 10, 2023, pursuant to the Denial Policy and the Revocation Policy, County Defendants initiated a retaliatory revocation proceeding in the Superior Court of New Jersey, seeking revocation of Hroncich's FPIC. At a May 7, 2024 hearing in the revocation proceeding against Hroncich, Judge Purvin ruled in favor of Hroncich, and County Defendants were ordered to reissue Hroncich's FPIC, which he received by email the following day, on May 8, 2024, but only after great expenditure of time, effort, and financial resources. See Malagiere Dec. ¶4 (Amended Compl ¶¶75-77)

In Count Two of the Amended Complaint, the only count of the Amended Complaint which names the Borough of Paramus, Hroncich seeks recovery against the Borough of Paramus under 42 U.S.C. §1983 for alleged deprivation of his rights under the United States Constitution Second and Fourteenth Amendments. Hroncich seeks declaratory relief, compensatory and nominal damages, punitive damages and attorney's fees and costs associated with the action pursuant to 42 U.S.C. §1988. See Malagiere Dec. ¶4 (Amended Compl. Relief Requested items (e), (f), (g) and (h)). The remainder of the complaint raises claims against the Bergen County Prosecutor's Office and Mark Musella in his official capacity as the Bergen County Prosecutor ("County Defendants'), the Borough of Fort Lee and the Township of Rochelle Park.

4

The Plaintiff allegations against the Bergen County Prosecutor's office go like this. The County Defendants have taken the position that law-abiding New Jersey residents, including Plaintiffs, can be stripped of *their* Second Amendment rights by cohabitating with anyone even suspected by Defendants of being prohibited from possessing firearms. The County Defendants have adopted, implemented, enforced, and maintained a series of related policies that together deprive individuals, including Plaintiffs, under County Defendants' jurisdiction, from exercising their fundamental rights under the Second Amendment, not premised upon any allegation that Plaintiffs themselves are prohibited, but rather *by association* with a cohabitant who is so prohibited or otherwise disqualified, or by *association* with a cohabitant who County Defendants perceive to be so prohibited or otherwise disqualified. These Challenged Policies include at least the following: (a) Confiscation of firearms, ammunition, and related accessories based solely on one or more Cohabitant Disqualifications (the "Confiscation Policy"); (b) Compelled sales of firearms, ammunition, and related accessories based solely on one or more Cohabitant Disqualifications (the "Compelled Sale Policy"); (c) Revocation of Firearms Purchaser Identification Card ("FPIC") or other firearms licenses or permits validly issued under the laws of New Jersey based solely on one or more Cohabitant Disqualifications (the "Revocation Policy"); (d) Denial of applications for FPICs or other firearms licenses or permits that would otherwise be validly issued under the laws of New Jersey based

5

solely on one or more Cohabitant Disqualifications (the "Denial Policy"); and (e) Compelled production of cohabitant medical records based solely on one or more Cohabitant Disqualifications (the "Compelled Production Policy"). See Malagiere Dec. ¶4 (Amended Compl ¶¶3-5)

To enforce the Challenged Policies, County Defendants routinely and wrongly cite, invoke, or rely on one or more of the following statutes: (i) the so-called "duty to warn" law, codified at N.J.S.A. 2A:62A-16 (the "Duty to Warn Law"); or (ii) New Jersey's red flag law, known as the Extreme Risk Protective Order Act of 2018, codified at N.J.S.A. 2C:58-20-32 (the "ERPO Act") (under the ERPO Act, firearms and ammunition are confiscated pursuant to Extreme Risk Protective Orders (ERPO) or Temporary Extreme Risk Protective Orders (TERPO); or (iii) N.J.S.A. 2C:58-3(c)(3) (which prohibits the issuance of an FPIC or permit to purchase a handgun to an individual who suffers from various physical and other disabilities), N.J.S.A. 2C:58-3(c)(5) (which prohibits the issuance of an FPIC or permit to purchase a handgun to "any person where the issuance would not be in the interest of the public health, safety, or welfare because the person is found to be lacking the essential character of temperament necessary to be entrusted with a firearm", and N.J.S.A. 2C:58-3(c)(13) (which prohibits the issuance of an FPIC or permit to purchase a handgun to an individual that has undergone certain voluntary or involuntary mental health treatment) (N.J.S.A. 2C:58-3(c)(3), N.J.S.A. 2C:58-

6

3(c)(5), and N.J.S.A. 2C:58-3(c)(13) collectively, the "Issuance Disqualifiers"). See

Malagiere Dec. ¶4 (Amended Compl ¶¶74, 75) (Amended Compl ¶7).

The County Defendants routinely and illegally cite, invoke, or rely on the Duty

to Warn Statute, the ERPO Act, or the Issuance Disqualifiers to disarm law-abiding

firearms owners when the individual who is subject to disqualification is not the

firearms owner, but rather, the owner's cohabitant. The County Defendants also

routinely and lawlessly enforce the Challenged Policies based on nothing more than

"the State's concerns," which are not codified in any law. Moreover, County

Defendants direct boroughs, townships, and other municipal subdivisions within

Bergen County to adopt, implement, enforce, and maintain the Challenged Policies.

In connection with the Challenged Policies, County Defendants have taken an

expansive view of who is a "cohabitant," to include any individual natural person,

whether adult or child, family member or non-family member, who domiciles,

dwells, lives, or resides, full-time or part-time, temporarily or permanently, at any

abode, dwelling, home, house, apartment, co-op, condominium, rental, or lawful

residence of any kind, with the individual in question. [emphasis added]. See

Malagiere Dec. ¶4 (Amended Compl ¶¶8-11).

Also in connection with the Challenged Policies, County Defendants consider

a cohabitant to be prohibited or disqualified from exercising Second Amendment

rights: (a) based on County Defendants' perception that the cohabitant is disqualified

under federal law including but not limited to 18 U.S.C. § 922(g); (b) based on County Defendants' perception that the cohabitant is disqualified under New Jersey state law including but not limited to the various subsections of N.J.S.A. 2C:58-3(c); or (c) simply based on County Defendants' perception that a cohabitant is disqualified in the boundless discretion of County Defendants (collectively, "Cohabitant Disqualifications"). See Malagiere Dec. ¶4 (Amended Compl ¶12).

## LEGAL ARGUMENT

### I.    THE STANDARD OF REVIEW

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to *Fed. R. Civ. P.* 12 (b)(6), a court must accept all well-pleaded allegations in the complaint as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted).

Under *Fed. R. Civ. P.* 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Rule* 8 does not require "detailed factual allegations," but does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A

complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 557.

In *Twombly*, the Supreme Court clarified the *Fed. R. Civ. P.* 12(b)(6) standard. Specifically, the *Twombly* Court "retired" the language contained in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 546 (quoting *Conley*, 355 U.S. at 45-46). Instead, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level."*Twombly*, 550 U.S. at 548.

Under *Twombly*, a civil complaint must go beyond providing mere notice — it must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (2007). In explaining what "plausibility" means, the Court said "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (2009).

The Third Circuit has prescribed three steps that district courts must take to determine if a complaint is sufficient under *Twombly* and *Iqbal*. First, the court must take note of the elements the plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not

entitled to the assumption of truth; finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations and internal quotations omitted).

Regarding the claim under 42 U.S.C. §1983 against the Borough of Paramus (a *Monell* claim),  a plaintiff must allege "an official proclamation, policy or edict" by a "decisionmaker possessing final authority to establish municipal policy." *Beck v. City of Pitt.*, 89 F.3d 966, 971 (3d Cir. 1996). 42 USC § 1983 'is not itself a source of substantive rights,' but merely provides 'a method [for] vindicating federal rights elsewhere conferred.'" *Id*. (internal citation omitted). *Rivkin v. Dover Twp. Rent Leveling Bd.*, 143 N.J. 352, 363, cert. denied, 519 U.S. 911 (1996).

## II.    THE AMENDED COMPLAINT SHOULD BE DISMISSED AGAINST THE BOROUGH OF PARAMUS BECAUSE IT WAS FILED MORE THAN TWO (2) YEARS FROM THE TIME THE CAUSE OF ACTION ACCRUED ON JUNE 7, 2023.

It is well-settled that actions seeking a remedy under 42 *U.S.C.* § 1983 are governed by the statute of limitations applicable to state personal injury claims, depending on where the cause of action accrued. *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989). In New Jersey, N.J.S.A. 2A:14-2 imposes a two-year limitations period for personal injury claims; therefore, claims brought under § 1983 that accrued within New Jersey are subject to a two-year statute of limitations. *O'Connor v. Newark*, 440 F.3d 125, 126 -27 (3d Cir. 2006).

10

Although the applicable statute of limitations is governed by state law, federal law governs when the cause of action accrued. *Wallace v. Kato*, 549 U.S. 384, 127 S. Ct. 1091, 1095, 166 L. Ed. 2d 973 (2007). Under federal law, "the standard rule [is] that accrual occurs when the plaintiff has a complete and present cause of action," that is, "when the plaintiff can file suit and obtain relief."*Ibid*. (internal quotation and editing marks omitted). The Third Circuit Court of Appeals has held that a federal cause of action accrues "upon awareness of actual injury, not upon awareness that this injury constitutes a legal wrong." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F. 3d. 1380, 1386 (3d. Cir. 1994).

Here, Plaintiff, Elsid Aliaj, initiated the instant complaint by filing on November 3, 2025. See Malagiere Dec ¶3. In the initial pleading, the only plaintiff was, in fact, Elsid Aliaj and the named defendants were the Fort Lee Police Department, the chief of the department Matthew J. Hintze, the Bergen County Prosecutor's Office and Mark Musella, the Bergen County Prosecutor. Malagiere Dec. ¶3. In the initial complaint, the allegations are exclusively limited to the actions of the Fort Lee police department and the Bergen County Prosecutor's office – the Borough of Paramus was not mentioned. Malagiere Dec. ¶3.

On or about, June 1, 2026, an Amended Complaint was filed adding two new plaintiffs, Martin Hroncich and Luiz Rene De La Cruz Frnaco, as well as defendants the Borough of Paramus and the Township of Rochelle Park. Malagiere Dec. ¶4.

11

Only plaintiff Martin Hroncich ("Hroncich") asserts claims against the Borough of Paramus. See Malagiere Dec ¶4 (Amended Compl. ¶¶69 -77). In the Amended Complaint, Hroncich alleges that on June 7, 2023, Paramus, consistent with the Denial Policy, denied Hroncich's May 7, 2023 application for a permit to purchase a handgun, citing the mistaken understanding that F.H. was transported to hospital "after she told a friend that she did not want to live anymore" on March 4, 2020. Paramus' denial of Hroncich's May 7 application based on the misunderstood events of March 4, 2020 was inexplicably effectuated despite previously *approving* Hroncich's FPIC application, and prior handgun purchase permit applications on November 4, 2022—*more than two years* after the misunderstanding involving F.H. occurred. [underlined emphasis added]. See Malagiere Dec ¶4 (Amended Compl.

Subsequently, following Hroncich's appeal of Paramus' denial of his May 7, 2023 application, on August 10, 2023, pursuant to the Denial Policy and the Revocation Policy, County Defendants initiated a retaliatory revocation proceeding in the Superior Court of New Jersey, seeking revocation of Hroncich's FPIC. At a May 7, 2024 hearing in the revocation proceeding against Hroncich, Judge Purvin ruled in favor of Hroncich, and County Defendants were ordered to reissue Hroncich's FPIC, which he received by email the following day, on May 8, 2024, but only after great expenditure of time, effort, and financial resources. See Malagiere Dec ¶4 (Amended Compl ¶¶ 76 -77).

Based on the above alleged facts in the Amended Complaint, the claims against the Borough of Paramus accrued on June 7, 2023 when "Paramus, consistent with the Denial Policy, denied Hroncich's May 7, 2023 application for a permit to purchase a handgun, citing the mistaken understanding that F.H. was transported to hospital 'after she told a friend that she did not want to live anymore' on March 4, 2020."See Malagiere Dec ¶4 (Amended Compl ¶74). See, *Oshiver*, 38 F. 3d. 1380 (holding federal cause of action accrues "upon awareness of actual injury, not upon awareness that this injury constitutes a legal wrong.").

Plaintiff Hroncich was "injured" on June 7, 2023 when his handgun permit application was denied. See Malagiere Dec ¶4 (Amended Compl. ¶74). It follows then that the Plaintiff had two (2) years from June 7, 2023 – resulting in a filing deadline of June 7, 2025  - to file the instant complaint against the Borough of Paramus. The initial complaint in this matter was filed on November 3, 2025. The Amended Complaint adding, *inter alia*, Plaintiff Hroncich and Defendant the Borough of Paramus was filed on June 1, 2026.

The Amended complaint filed by Plaintiff Hroncich naming the Borough of Paramus as a defendant on June 1, 2026 is approximately one year too late and should have been filed on or before June 7, 2025. As such, the Amended Complaint should be dismissed against the Borough of Paramus.

III. **THE AMENDED COMPLAINT SHOULD BE DISMISSED AGAINST THE BOROUGH OF PARAMUS BECAUSE IT ALLEGES MUNICIPAL LIABILITY BASED UPON MISTAKE AND THE IMPOSED POLICY OF THE BERGEN COUNTY PROSECUTOR'S OFFICE, NOT A POLICY OF THE BOROUGH OF PARAMUS.**

Count Two of the Amended Complaint seeks to impose liability on the Borough of Paramus for denying Plaintiff Hroncich's handgun purchase permit based on the following facts as alleged in the Amended Complaint. Specifically, On June 7, 2023, Paramus, consistent with the Denial Policy, denied Hroncich's May 7, 2023 application for a permit to purchase a handgun, citing the <u>mistaken understanding</u> that F.H. was transported to hospital "after she told a friend that she did not want to live anymore" on March 4, 2020. Paramus' denial of Hroncich's May 7 application based on the <u>misunderstood events</u> of March 4, 2020 was inexplicably effectuated despite previously *approving* Hroncich's FPIC application, and prior handgun purchase permit applications on November 4, 2022—*more than two years* after the misunderstanding involving F.H. occurred. [<u>underlined emphasis added</u>]. See Malagiere Dec. ¶4 (Amended Compl ¶¶74-75).

Subsequently, following Hroncich's appeal of Paramus' denial of his May 7, 2023, application, on August 10, 2023, pursuant to the Denial Policy and the Revocation Policy, County Defendants initiated a retaliatory revocation proceeding in the Superior Court of New Jersey, seeking revocation of Hroncich's FPIC. At a May 7, 2024 hearing in the revocation proceeding against Hroncich, Judge Purvin

14

ruled in favor of Hroncich, and County Defendants were ordered to reissue Hroncich's FPIC, which he received by email the following day, on May 8, 2024, but only after great expenditure of time, effort, and financial resources. See Malagiere Dec. ¶4 (Amended Compl ¶¶76-77).

Further, the County Defendants also routinely and lawlessly enforce the Challenged Policies based on nothing more than "the State's concerns," which are not codified in any law. Moreover, County Defendants direct boroughs, townships, and other municipal subdivisions within Bergen County to adopt, implement, enforce, and maintain the Challenged Policies. In connection with the Challenged Policies, County Defendants have taken an expansive view of who is a "cohabitant," to include any individual natural person, whether adult or child, family member or non-family member, who domiciles, dwells, lives, or resides, full-time or part-time, temporarily or permanently, at any abode, dwelling, home, house, apartment, co-op, condominium, rental, or lawful residence of any kind, with the individual in question. [emphasis added] See Malagiere Dec. ¶4 (Amended Compl ¶¶8-11).

To maintain a claim brought pursuant to §1983 against a municipality based on the acts of its individual employees, a plaintiff must show that his constitutional injury was the result of the implementation of a municipal policy or practice. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d. 2d. 611 (1978); *Hill v. Borough of Kutztown*, 455 F. 3d 225, 245 (3d Cir. 2006). Official

policy or practice is implemented by an individual's conduct when the individual acted according to a formal policy, when he or she is a policymaker, or when such conduct is ratified by a policymaker after it occurred. *Hill*, 455 F.3d at 245.

"[w]hen a suit against a municipality is based on §1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d. 2d. 611 (1978)). According to the auspices of *Monell*, "policy is made when a decisionmaker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy or edict." *Beck v. City of Pitt.*, 89 F.3d 966, 971 (3d Cir. 1996) (quotation and internal quotation marks omitted).

In the instant Amended Complaint, Plaintiff Hroncich alleges that the Borough of Paramus failed to issue the handgun permit because of its mistaken understanding that F.H. was transported to hospital "after she told a friend that she did not want to live anymore" on March 4, 2020. See Malagiere Dec ¶4 (Amended Comp ¶¶74,75). Additionally, Plaintiff Hroncich alleges that the County Defendants direct boroughs, townships, and other municipal subdivisions within Bergen County to adopt, implement, enforce, and maintain the Challenged Policies which resulted in the

16

denial of Plaintiff's permit to purchase a handgun on June 7, 2023. See Malagiere Dec ¶4 (Amended Comp ¶10).

In either case—mistaken belief or direction by the Couty defendants—neither of these factual predicates establish a sufficient pleading basis for *Monell* liability against the Borough of Paramus. Both mistaken belief or direction by the County Defendants do not equate to "an official proclamation, policy or edict" by a "decisionmaker possessing final authority to establish municipal policy" *Beck*, 89 F.3d. at 971.

The Amended Complaint should be dismissed as to the Borough of Paramus under the holding in *Monell*—which requires that the Borough of Paramus maintain "an official proclamation, policy or edict" implemented by a "decisionmaker possessing final authority to establish municipal policy." Instead, the Amended Complaint alleges that the Paramus' police officers were acting both under a "misunderstanding" regarding the underlying facts of the situation and pursuant to the direction of the Bergen County Prosecutor's office.

17

## **CONCLUSION**

For the reasons set forth above, it is respectfully submitted that all claims in plaintiff's complaint against the Borough of Paramus should be dismissed under *Fed. R. Civ.* 12(b)(6) because the complaint fails to state a claim for which relief can be granted.

THE LAW OFFICES OF RICHARD MALAGIERE
A Professional Corporation

By: _s/ Richard Malagiere_
RICHARD MALAGIERE
LEONARD E. SEAMAN
250 Moonachie Road, Suite 300A
Moonachie, New Jersey 07074
(201) 440-0675
rm@malagierelaw.com
les@malagierelaw.com
Attorneys for Defendant, Borough of Paramus

Dated: July 21, 2026

18