**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ELSID ALIAJ, MARTIN HRONCICH, and LUIS RENE DE LA CRUZ FRANCO,<br><br>Plaintiffs,<br><br>v.<br><br>BERGEN COUNTY PROSECUTOR'S OFFICE, MARK MUSELLA, in his official capacity as Bergen County Prosecutor, BOROUGH OF FORT LEE, BOROUGH OF PARAMUS, and TOWNSHIP OF ROCHELLE PARK,<br><br>Defendants. | Civil Action No.: 2:25-cv-17131 (ES) (MAH)<br><br>**CIVIL ACTION** |

**BRIEF IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT ON BEHALF OF DEFENDANT, TOWNSHIP OF ROCHELLE PARK**

**Huntington Bailey, L.L.P.**
Attorneys for Defendant, Township of Rochelle Park
373 Kinderkamack Road
Westwood, New Jersey 07675

Of Counsel and On the Brief:

Dermot J. Doyle, Esq.
Attorney ID No.: 047151984

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .......... 2

LEGAL ARGUMENT .......... 4

I. STANDARD OF REVIEW FOR MOTION TO DISMISS UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED .......... 4

II. MR. DE LA CRUZ HAS FAILED TO ASSERT ANY VIABLE CLAIM FOR DAMAGES AGAINST ROCHELLE PARK PURSUANT TO 42 U.S.C. §1983, AND THEREFORE HIS CLAIM AGAINST ROCHELLE PARK MUST BE DISMISSED .......... 7

III. ROCHELLE PARK IS IMMUNE FROM LIABILITY FOR THE CLAIMS ADVANCED IN THE FIRST AMENDED COMPLAINT BY MR. DE LA CRUZ, PURSUANT TO THE GOOD FAITH IMMUNITY SET FORTH IN THE NEW JERSEY TORT CLAIMS ACT, N.J.S.A. 59:1-1, *ET SEQ*. .......... 12

CONCLUSION .......... 15

# TABLE OF AUTHORITIES


**CASES** **Page(s)**

*Anderson v. Creighton*,
483 U.S. 635, 641 (1987)........ 12,14

*Albright v. Oliver*,
510 U.S. 266, 271 (1994)........ 7

*Alston v. City of Camden*,
168 *N.J.* 170, 186 (2001)........ 12

*Ashcroft v. Iqbal*,
556 U.S. 662, 678 (2009)........ 4,5

*Baker v. McCollan*,
443 U.S. 137, 144, n.3 (1979)........ 7

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 570 (2007)........ 4,5,6,11

*Bombace v. City of Newark*,
125 *N.J.* 361, 367-372 (1991)........ 12

*Brown v. City of Bordentown*,
348 *N.J. Super*. 143, 148-149, 151 (App. Div. 2002)........ 13

*Burtch v. Milberg Factors, Inc.*,
662 F.3d 212, 220 (3d Cir. 2011)........ 4

*Evancho v. Fisher*,
423 F.3d 347, 351 (3d Cir. 2005)........ 4

*Fielder v. Stonack*,
141 *N.J.* 101, 132 (1995)........ 12

*Gerofsky v. Passaic County SPCA*,
376 *N.J. Super*. 405, 417 (App. Div. 2005)........ 14

*Gurski v. New Jersey State Police Dept.*,
242 *N.J. Super*. 148, 163 (1990)........ 12

*Kirk v. City of Newark*,
109 N.J. 173, 179 (1988)........ 13

*Monell v. Department of Social Services*,
436 U.S. 658, 694 (1978)........ 10,11

*Nicini v. Morra*,
212 F.3d 798, 806 (3d Cir. 2000)........ 7

*Lopez v. Beard*,
333 Fed. Appx. 685, 687 ........ 5

*Papasan v. Allain*,
478 U.S. 265, 286 (1986) ........ 6

*Passaic Cnty. PBA Loc. 197 v. Off. of Passaic Cnty. Prosecutor*,
385 *N.J. Super.* 11, 16 (App. Div. 2006) ........ 13, 14

*Phillips v. Cnty. of Allegheny*,
515 F. 3d. 224, 232 (3d. Cir. 2008) ........ 4,5

*Schneider v. Simonini*,
163 *N.J.* 336, 356, *cert. denied*. 531 U.S. 1146 (2001) ........ 13

*Simmons v. Loose*,
418 *N.J. Super.* 206, 222 (App. Div. 2011) ........ 13

*Tice v. Cramer*,
133 *N.J.* 247, 355 ........ 13

*Williams v. Borough of Clayton*,
442 *N.J. Super.* 583, 599 n.2 (App. Div. 2015) ........ 14

**OTHER AUTHORITIES** **Page(s)**

42 U.S.C. §1983 ........ 2, 7, 10, 12, 13

*Fed.R.Civ.P.* 8 ........ 4,5

*Fed.R.Civ.P.* 8(a)(2) ........ 5

*Fed.R.Civ.P.* 12(b)(6) ........ 3, 15

N.J.S.A. 2A:62A-16 ........ 8

N.J.S.A. 52:17B-112(b) ........ 14

N.J.S.A. 2C:58-3(c)(3) ........ 8, 9

N.J.S.A. 2C:58-3(c)(5) ........ 9

N.J.S.A. 2C:58-3(c)(13) ........ 9

N.J.S.A. 2C:58-20 through 32 ........ 8

N.J.S.A. 59:2-2 ........ 13

N.J.S.A. 59:2-2(b) ........ 13

N.J.S.A. 59:3-3 ........ 12

## PRELIMINARY STATEMENT

The instant litigation was initiated by Plaintiff, Elsid Aliaj ("Mr. Aliaj") by filing a Complaint on November 3, 2025 against the named Defendants Fort Lee Police Department; Matthew J. Hintze, Chief of the Fort Lee Police Department; the Bergen County Prosecutor's Office ("BCPO"); and Mark Musella in his capacity as Bergen County Prosecutor ("Musella") (BCPO and Musella are jointly referred to herein as the "County Defendants"). Mr. Aliaj alleged, *inter alia*, that firearms he owned were wrongfully confiscated from his home in Fort Lee by Fort Lee police officers on or about April 17, 2025, based on information received by the Fort Lee Police Department that Mr. Aliaj's wife had been involuntarily admitted to a hospital for evaluation of mental health issues. Upon information and belief, on or about December 12, 2025, the weapons owned by Mr. Aliaj were released back into his custody by Fort Lee after the County Defendants authorized the release of the firearms, which had been confiscated by Fort Lee police officers based on a directive issued by the County Defendants.

On June 1, 2026, Mr. Aliaj, together with two newly-identified Plaintiffs, filed a First Amended Complaint, which included claims against Fort Lee as well as the Borough of Paramus ("Paramus") and the Township of Rochelle Park ("Township" or "Rochelle Park"). The First Amended Complaint includes three separate Counts, but only the Third Count asserts claims against Rochelle Park. In that Count of the Complaint, Plaintiff, Luis Rene De La Cruz Franco ("Mr. De La Cruz"), alleges violations of 42 U.S. §1983 under the Second and Fourteenth Amendments to the United States Constitution. More specifically, Mr. De La Cruz contends that various policies and directives promulgated by the County Defendants violated his Second Amendment right to bear arms. Mr. De La Cruz seeks declaratory relief by way of a finding that

the policies and directives issued by the County Defendants are unconstitutional, and seeks both injunctive relief and compensatory and/or nominal damages for the alleged deprivation of Mr. De La Cruz's constitutional rights, as well as compensatory damages for alleged lost wages and earnings opportunities.

Rochelle Park hereby seeks dismissal of the Third Count of the First Amended Complaint, pursuant to *Fed.R.Civ.P.* 12(b)(6), because Mr. De La Cruz has not asserted viable claims for relief against Rochelle Park. Additionally, as will be further detailed below, Rochelle Park is immune from the claims asserted against it pursuant to applicable provisions of Title 59 of the New Jersey Statutes, the New Jersey Tort Claims Act.

## LEGAL ARGUMENT

## POINT I

## STANDARD OF REVIEW FOR MOTION TO DISMISS UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face;'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged;" *Id.*, (citing *Twombly, supra,* at 556). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully;" *Ibid.*

Further, "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do;" *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011) (quoting *Twombly*, *supra*, at 555). When reviewing a motion to dismiss, the complaint is construed "in the light most favorable to the plaintiff;" *Id.* (citation omitted). "However, a court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss;" *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005).

Following *Twombly's* direction, the Third Circuit has acknowledged that situations may arise where "the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by *Fed.R.Civ.P.* 8;" *Phillips v. Cnty.*

*of Allegheny*, 515 F. 3d. 224, 232 (3d. Cir. 2008). The Court of Appeals further held that in light of the Supreme Court's ruling in *Twombly*, *supra*, at 544, "*Fed.R.Civ.P.* 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief," and "without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests; *Id.* Thus, *Fed.R.Civ.P.* 8 … "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions;" *Ashcroft*, *supra*, at 678-679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged;" *Lopez v. Beard*, 333 Fed. Appx. 685, 687 (3d. Cir. 2009), (quoting *Ashcroft*, *supra* at, 678).

To that end, a complaint must set forth sufficiently detailed, credible factual allegations which "raise a right to relief above the speculative level; "*Twombly*, *supra*, at 555. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief;'" *Ashcroft*, *supra*, at 678, quoting *Twombly*, *supra*, at 557. If the "…well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint should be dismissed for failing to show that the pleader is entitled to relief as required by *Fed.R.Civ.P.* 8(a)(2); *Ashcroft*, *supra*, at 679. Determining whether the allegations in a complaint are plausible is a "…context-specific task that requires the reviewing court to draw on its judicial experience and common sense;" *Ashcroft*, *supra*, at 679.

Finally, in reviewing the sufficiency of a complaint in the context of a motion to dismiss, courts must not accept bald assertions, untenable inferences, or unsupported legal conclusions

disguised as factual allegations, "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do … [O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation;" *Twombly*, *supra*, at 555, citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

As detailed below, Mr. De La Cruz has failed to set forth a claim upon which relief may be granted against Rochelle Park, and thus Count Three of the First Amended Complaint must be dismissed.

## POINT II

## MR. DE LA CRUZ HAS FAILED TO ASSERT ANY VIABLE CLAIM FOR DAMAGES AGAINST ROCHELLE PARK PURSUANT TO 42 U.S.C. §1983, AND THEREFORE HIS CLAIMS AGAINST ROCHELLE PARK MUST BE DISMISSED

It is well settled that 42 U.S.C. §1983 ("§1983") does not itself provide a source of substantive rights, but rather allows for the vindication of Federal rights conferred by other Federal statutes, rules or regulations; *Albright v. Oliver*, 510 U.S. 266, 271 (1994), citing *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979). It order to properly state a claim under §1983, a plaintiff must establish that the alleged conduct of the named defendants deprived him of rights, privileges or immunities, secured by the Constitution or other laws of the United States or any individual state (here, New Jersey), and that the conduct challenged was undertaken by actions under color of state law.

In evaluating a §1983 claim, the court must first "'identify the exact contours of the underlying right said to have been violated' and 'determine whether the plaintiff has alleged a deprivation of a constitutional right at all;'" *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (citation omitted).

In the instant Complaint, Mr. De La Cruz identifies several policies promulgated by the County Defendants which he alleges deprived him of his right to keep and bear arms under the Second Amendment to the United States Constitution. It is undisputed that each of the challenged policies[1] were initiated by the County Defendants and that the actions of Rochelle Park in enforcing those policies were mandated by the law enforcement hierarchy, wherein the

[1] Specifically identified as the Confiscation Policy, Revocation Policy, Compelled Sale Policy, and Compelled Production Policy.

County Prosecutor supervises and directs police chiefs of municipalities within the County to take certain actions pursuant to policies or directives issued by the County Defendants.

The "Challenged Policies" are detailed at Paragraphs 4-10, inclusive, of Plaintiff's Complaint, as follows:

> 4. **County Defendants** have adopted, implemented, enforced, and maintained a series of related policies that together deprive individuals, including Plaintiffs, under **County Defendants'** jurisdiction, from exercising their fundamental rights under the Second Amendment, not premised upon any allegation that Plaintiffs themselves are prohibited, but rather by *association* with a cohabitant who is so prohibited or otherwise disqualified, or by *association* with a cohabitant who **County Defendants** perceive to be so prohibited or otherwise disqualified.
>
> 5. These **Challenged Policies** include at least the following: (a) Confiscation of firearms, ammunition, and related accessories based solely on one or more Cohabitant Disqualifications (the "**Confiscation Policy**"); (b) Compelled sales of firearms, ammunition, and related accessories based solely on one or more Cohabitant Disqualifications (the "**Compelled Sale Policy**"); (c) Revocation of Firearms Purchaser Identification Card ("FPIC") or other firearms licenses or permits validly issued under the laws of New Jersey based solely on one or more Cohabitant Disqualifications (the "**Revocation Policy**"); (d) Denial of applications for FPICs or other firearm licenses or permits that would otherwise be validly issued under the laws of New Jersey based solely on one or more Cohabitant Disqualifications (the "**Denial Policy**"); and (e) Compelled production of cohabitant medical records based solely on one or more Cohabitant Disqualifications (the "**Compelled Production Policy**").
>
> 6. These policies (collectively, the "**Challenged Policies**") plainly violate the Constitution and the law.
>
> 7. To enforce the **Challenged Policies, County Defendants** routinely and wrongly cite, invoke, or rely on one or more of the following statutes: (i) the so-called "duty to warn" law, codified at N.J.S.A. 2A:62A-16 (the "**Duty to Warn Law**"); or (ii) New Jersey's red flag law, known as the Extreme Risk Protective Order Act of 2018, codified at N.J.S.A. 2C:58-20 through 32 (the **ERPO Act**") (under the ERPO Act, firearms and ammunition are confiscated pursuant to Extreme Risk Protective Orders (ERPO) or Temporary Extreme Risk Protective Orders (TERPO); or (iii) N.J.S.A. 2C:58-3(c)(3) (which

> prohibits the issuance of an FPIC or permit to purchase a handgun to an individual who suffers from various physical and other disabilities), N.J.S.A. 2C:58-3(c)(5) (which prohibits the issuance of an FPIC or permit to purchase a handgun to "any person where the issuance would not be in the interest of the public health, safety, or welfare because the person is found to be lacking the essential character of temperament necessary to be entrusted with a firearm," and N.J.S.A. 2C:58-3(c)(13) (which prohibits the issuance of an FPIC or permit to purchase a handgun to an individual that has undergone certain voluntary or involuntary mental health treatment) (N.J.S.A. 2C:58-3(c)(3), N.J.S.A. 2C:58-3(c)(5), and N.J.S.A. 2C:58-3(c)(13) collectively, the "**Issuance Disqualifiers**").
>
> 8. **County Defendants** routinely and illegally cite, invoke, or rely on the **Duty to Warn Statute, the ERPO Act, or the Issuance Disqualifiers** to disarm law-abiding firearms owners when the individual who is subject to disqualification is not the firearms owner, but rather, the owner's cohabitant.
>
> 9. County Defendants also routinely and lawlessly enforce the **Challenged Policies** based on nothing more than "the State's concerns," which are not codified in any law.
>
> 10. Moreover, **County Defendants direct boroughs, townships, and other municipal subdivisions within Bergen County to adopt, implement, enforce, and maintain the Challenged Polices.**

Complaint, Paragraphs 4-10 (emphasis added).

In addition to the Challenged Policies promulgated by the County Defendants, Plaintiffs further challenge certain directives issued by the County Defendants which demonstrate the authority of the County Defendants over the municipal Defendants, including Rochelle Park, with respect to regulation of firearms. Thus, it is readily apparent that it is the Challenged Policies and directives promulgated by the County Defendants which are at issue in this case, and further, that the municipal Defendants, including Rochelle Park, are obliged to enforce the Challenged Polices and directives of the County Defendants, and the Township has no right or authority to disobey the Challenged Polices and directives of the County Defendants.

Thus, Plaintiffs §1983 claims against Rochelle Park must be dismissed under Rule12(b)(6), because the First Amended Complaint does not plausibly allege that any municipal policy, custom or practice of Rochelle Park resulted in the deprivation of Plaintiffs' constitutional rights; *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Further, at the initial pleadings stage, a plaintiff must allege facts demonstrating that a municipal policy or custom was the predicate behind the alleged damages resulting to that plaintiff, and since the First Amended Complaint challenges polices and directives of the County Defendants, rather than any Rochelle Park policy, custom or decision of a Township final policymaker, Plaintiffs claims against Rochelle Park must be dismissed. Stated simply, Rochelle Park cannot be held liable to Mr. De La Cruz for polices and directives established by the County Defendants, which Rochelle Park is obligated to enforce.

Additionally, the First Amended Complaint does not plead facts establishing wrongful action by a Township final policymaker. Instead, the First Amended Complaint alleges that two unnamed Rochelle Park police officers enforced the County Defendants' Policies and Directives by confiscating a firearm owned by Mr. De La Cruz. Notably, the First Amended Complaint does not allege that any Rochelle Park official with final policy making authority made or ratified any decision underlying the confiscation of Plaintiff's firearms and concomitant alleged deprivation of his Second Amendment rights. Even accepting Plaintiff's allegations as true, no Rochelle Park policymaker decision or longstanding Township custom of similar incidents sufficient to establish *Monell* liability are asserted in the First Amended Complaint. The First Amended Complaint alleges no pattern of similar constitutional violations by Rochelle Park police officers or policymakers, no specific training deficiency attributable to any Rochelle Park

decision maker, and no facts permitting an inference of deliberate indifference or any causal link between Rochelle Park training policies and Plaintiff's alleged damages.

In summary, with respect to the allegations of Mr. De La Cruz against Rochelle Park detailed in the Third Count of the First Amended Complaint, those assertions reflect, at most, a single episode of a Rochelle Park police officer implementing the policies and directives of the County Defendants, and include no facts establishing any Township policy, custom, final policymaker action or causal municipal decision sufficient to impose liability against Rochelle Park under the dictates of *Monell* and *Twombly*, *supra*, and therefore the claims of Plaintiff, Mr. De La Cruz, against Rochelle Park must be dismissed.

## POINT III

## ROCHELLE PARK IS IMMUNE FROM LIABILITY FOR THE CLAIMS ADVANCED IN THE FIRST AMENDED COMPLAINT BY MR. DE LA CRUZ, PURSUANT TO THE GOOD FAITH IMMUNITY SET FORTH IN THE NEW JERSEY TORT CLAIMS ACT, N.J.S.A. 59:1-1, *ET SEQ.*

The New Jersey Tort Claims Act ("TCA") immunizes Rochelle Park from Tort Claims arising from the actions of a public employee taken in good faith in the execution and enforcement of any law; N.J.S.A. 59:3-3. This provision of the TCA provides a qualified immunity for public employees when they act in good faith in the enforcement or execution of any law; *Bombace v. City of Newark*, 125 *N.J.* 361, 367-372 (1991). In order to qualify for the immunity established in N.J.S.A. 59:3-3, a public employee either must demonstrate "objective reasonableness" or that he behaved with "subjective good faith;" *Alston v. City of Camden*, 168 *N.J.* 170, 186 (2001), citing *Fielder v. Stonack*, 141 *N.J.* 101, 132 (1995). The standard of reasonableness and good faith applicable to the immunity afforded under that section of the TCA is based on the same standard that applies to qualified immunity for law enforcement officials in §1983 civil rights cases; *Gurski v. New Jersey State Police Dept.*, 242 *N.J. Super.* 148, 163 (1990). In evaluating the good faith actions of police officers engaged in law enforcement activities, the focus is whether a reasonable law enforcement officer could have believed his actions were lawful, in light of clearly established law and the information available to the officer at the time; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). The New Jersey Supreme Court has followed the holding in *Anderson* by interpreting §1983 to limit the rights of plaintiffs and to encourage disposition of actions as a matter of law, when those actions arise out of alleged

unlawful arrest, search or seizure by a law enforcement officer; *Kirk v. City of Newark*, 109 N.J. 173, 179 (1988).

With respect to the liability of a public entity for the actions of its employees, the analysis is governed by N.J.S.A. 59:2-2. Specifically, N.J.S.A. 59:2-2(b) provides that "a public entity is not liable for an injury resulting from an act or omission of a public employee where the public employee is not liable." This section shields the public entity through any immunity or defense that would shield the employee from liability; *Fielder v. Stonack*, *supra*; *Tice v. Cramer*, 133 *N.J.* 247, 355; *Brown v. City of Bordentown*, 348 *N.J. Super*. 143, 148-149, 151 (App. Div. 2002). Determination of immunity for public employees and public entities in a §1983 action should be decided early in the litigation, such as on a motion for dismissal under Rule 12(b)(6); *Simmons v. Loose*, 418 *N.J. Super.* 206, 222 (App. Div. 2011), citing *Schneider v. Simonini*, 163 *N.J.* 336, 356, *cert. denied.* 531 U.S. 1146 (2001).

In the instant action, as detailed at length above, Mr. De La Cruz alleges that pursuant to the Confiscation Policy directed by the County Defendants, the responding Rochelle Park police officers unlawfully required Mr. De La Cruz to surrender his firearm, and that pursuant to the County Defendants' Denial Policy and Revocation Policy, the Township police revoked Mr. De La Cruz's firearms permit card; First Amended Complaint, ¶¶ 86-93. The pleadings make clear that Mr. De La Cruz's claims against Rochelle Park arise from the various policies and directives of the County Defendants, rather than any policy or custom of the Township of Rochelle Park. Furthermore, the Rochelle Park Police Department and its officers are compelled to comply with directives of the Bergen County Prosecutor's Office, based on the applicable law enforcement hierarchy; *Passaic Cnty. PBA Loc. 197 v. Off. of Passaic Cnty. Prosecutor*, 385 *N.J. Super.* 11,

16 (App. Div. 2006), citing N.J.S.A. 52:17B-112(b). County Prosecutors have "supervisory authority over all law enforcement activity in the county," including authority over "county and municipal…police officers;" *Gerofsky v. Passaic County SPCA*, 376 N.J. Super. 405, 417 (App. Div. 2005). Similarly, County Prosecutors have supervisory authority to direct and even supersede the day-to-day operations of municipal police departments; *Williams v. Borough of Clayton*, 442 *N.J. Super.* 583, 599 n.2 (App. Div. 2015). Thus, when the County Defendants issued the Challenged Policies and Directives, the Rochelle Park Police Department and its officers were bound by law to implement same.

Therefore, when the Rochelle Park officers confiscated Mr. De La Cruz's weapon and allegedly revoked his firearms purchaser identification card, it is clear they were acting at the specific direction of the County Defendants, which they were not legally permitted to ignore. Thus, Rochelle Park is immune from liability in this case based on the Police Department and individual officers' good faith enforcement of the law regarding confiscation of firearms and revocation of Plaintiff's firearm purchaser identification card at the direction of the Bergen County Prosecutor and the County Defendants. The claims against Rochelle Park must also be dismissed based on the good faith immunity provisions of the TCA and the guidance of the United States Supreme Court in *Anderson*, *supra*. To the extent Plaintiff has any viable claims in the instant lawsuit, such claims must be solely directed against the County Defendants, whose policies and directives triggered the actions of Rochelle Park which Plaintiff contends violated his constitutional rights.

## CONCLUSION

For all the reasons set forth in detail above, Defendant, Township of Rochelle Park, respectfully requests that the Court enter the Order submitted herewith, dismissing Count Three of the First Amended Complaint in its entirety, pursuant to *Fed.R.Civ.P.* 12(b)(6).

Respectfully submitted,
**HUNTINGTON BAILEY, LLP**
Attorneys for Defendant, Township of Rochelle Park

Dated: 8/24/26

By: ______________________
Dermot J. Doyle, Esq.