**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**NEWARK VICINAGE**

| | |
|---|---|
| ELSID ALIAJ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BERGEN COUNTY PROSECUTOR'S OFFICE, et al.,<br><br>Defendants. | Hon. Esther Salas, U.S.D.J.<br>Hon. Alex D. Silagi, U.S.M.J.<br><br>Civil Action<br><br>No. 2:25-cv-17131<br><br>Motion Date: September 21, 2026 |

# REPLY BRIEF IN SUPPORT OF COUNTY DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY
124 Halsey Street, P.O. Box 45029
Newark, New Jersey 07101
(609) 696-5365
*Attorneys for Defendants Bergen County Prosecutor's Office and Mark Musella*

Stephen Ehrlich
Deputy Solicitor General
David E. Leit
Assistant Attorney General
Of Counsel

Surinder K. Aggarwal
(NJ Bar No. 016502007)
Samuel T. Eglow
(NJ Bar No. 394462022)
Andrew H. Yang
(NJ Bar No. 066382013)
*Deputy Attorneys General*
On the Brief

# TABLE OF CONTENTS

PRELIMINARY STATEMENT....................1

LEGAL ARGUMENT....................3

I. PLAINTIFFS CONCEDE ARGUMENTS THAT THEY FAILED TO ADDRESS IN THEIR OPPOSITION TO COUNTY DEFENDANTS' MOTION TO DISMISS....................3

II. ALIAJ LACKS STANDING TO SEEK PROSPECTIVE DECLARATORY RELIEF AND HIS CLAIMS ARE MOOT....................4

III. ALIAJ'S CHALLENGE DOES NOT SURVIVE MOOTNESS UNDER THE "CAPABLE OF REPETITION, YET EVADING REVIEW" EXCEPTION....................7

IV. ALIAJ'S CHALLENGE DOES NOT SURVIVE MOOTNESS UNDER THE IMPROPERLY RAISED TAKINGS CLAIM....................11

V. COUNTY DEFENDANTS ARE ENTITLED TO ELEVENTH AMENDMENT SOVEREIGN IMMUNITY ON ALL CLAIMS....................12

VI. PLAINTIFFS' REQUEST TO AMEND THE FIRST AMENDED COMPLAINT SHOULD BE DENIED....................15

CONCLUSION....................16

# TABLE OF AUTHORITIES

**Federal Cases** **Page(s)**

*Adams v. City of Atlantic City*,
2014 WL 2094090 (D.N.J. May 20, 2014) .......... 14

*Already, LLC v. Nike, Inc.*,
568 U.S. 85 (2013) .......... 5

*Bell v. City of Philadelphia*,
275 F. App'x 157 (3d Cir. 2008) .......... 11

*Bennett v. City of Atlantic City*,
288 F. Supp. 2d 675 (D.N.J. 2003) .......... 13

*Chey v. Labruno*,
608 F. Supp. 3d 161 (D.N.J. 2022) .......... 12

*City of Los Angeles v. Lyons*,
461 U.S. 95 (1983) .......... 4, 8

*Clapper v. Amnesty International USA*,
568 U.S. 398 (2013) .......... 6

*Commonwealth of Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*,
836 F.2d 173 (3d Cir. 1988) .......... 11

*County of Butler v. Governor of Pa.*,
8 F.4th 226 (3d Cir. 2021) .......... 6, 8, 9

*Doe ex rel. Doe v. Small*,
654 F. Supp. 3d 376 (D.N.J. 2023) .......... 3

*F.D.I.C. v. Bathgate*,
27 F.3d 850 (3d Cir. 1994) .......... 15

*Fitchik v. N.J. Transit Rail Operations, Inc.*,
873 F.2d 655 (3d Cir. 1989) .......... 13

*Galette v. N.J. Transit Corp.*,
607 U.S. 509 (2026) .......... 13

*Green v. Mansour*,
474 U.S. 64 (1985) .......... 7

*Gulden v. Exxon Mobil Corp.*,
119 F.4th 299 (3d Cir. 2024) .......... 9, 10

*Hamilton v. Bromley*,
862 F.3d 329 (3d Cir. 2017) .......... 8, 10

*Hamza v. United Cont'l Holdings, LLC*,
2020 WL 5757807 (D.N.J. Sept. 28, 2020) .......... 11

*Hartnett v. Pa. State Educ. Ass'n*,
963 F.3d 301 (3d Cir. 2020) .......... 4, 5, 7

*Hyatt v. County of Passaic*,
340 F. App'x 833 (3d Cir. 2009) .......... 13, 14

*Ibrahim v. Emrich*,
2024 WL 4511982 (D.N.J. Oct. 17, 2024) .......... 11

*In re Alpharma Inc. Sec. Litig.*,
372 F.3d 137 (3d Cir. 2004) .......... 15

*Lara v. Commissioner Pennsylvania State Police*,
125 F.4th 428 (3d Cir. 2025) .......... 10

*Marshall v. Whittaker Corp.*,
610 F.2d 1141 (3d Cir. 1979) .......... 8

*McNair v. Synapse Grp. Inc.*,
672 F.3d 213 (3d Cir. 2012) .......... 4

*Murphy v. Hunt*,
455 U.S. 478 (1982) .......... 8, 10

*N.J. Tpk. Auth. v. Jersey Cent. Power & Light*,
772 F.2d 25 (3d Cir. 1985) ........................................................................ 10

*O'Shea v. Littleton*,
414 U.S. 488 (1974) ........................................................................ 6

*Pacheco v. Passaic Police Dep't.*,
2014 WL 1545221 (D.N.J. Apr. 2, 2014) ........................................................ 14

*Powell v. Verizon*,
2019 WL 4597575 (D.N.J. Sept. 20, 2019) ........................................................ 3

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) ........................................................................ 4

*Van de Kamp v. Goldstein*,
555 U.S. 335 (2009) ........................................................................ 14

*Weinstein v. Bradford*,
423 U.S. 147 (1975) ........................................................................ 8, 10

**State Cases**

*Gramiccioni v. Dep't of L. & Pub. Safety,*
235 A.3d 129 (N.J. 2020) ........................................................................ 13

*Wright v. State*,
778 A.2d 443 (N.J. 2001) ........................................................................ 13

**Rules**

Fed. R. Civ. P. 15 ........................................................................ 15

## PRELIMINARY STATEMENT

In opposing County Defendants' motion to dismiss, Plaintiffs have explicitly (a) abandoned Hroncich's claims, ECF No. 55 at 2 n.4, and (b) waived damages claims for all Plaintiffs, *see generally id*. As to De La Cruz, Plaintiffs do not dispute that the First Amended Complaint ("FAC") lacks sufficient factual allegations connecting County Defendants to De La Cruz's Firearms Purchaser Identification Card ("FPIC") application denial or firearm confiscation. Nor can they do so, since New Jersey laws vest relevant authority to local law enforcement. All of Plaintiffs' damages claims, as well as the claims brought by Hroncich and De La Cruz should thus be dismissed in their entirety.

Plaintiffs only attempt to preserve Aliaj's claims, despite the lack of a live controversy. But Aliaj lacks standing to seek prospective declaratory relief, and any relief to him would be a backward-looking declaration at most. Plaintiffs also argue that County Defendants have not shown that Aliaj's claims became moot after the challenged conduct ceased. But County Defendants did not just temporarily suspend an ongoing practice as Plaintiffs claim; they brought a discrete judicial proceeding to an end and returned Aliaj's firearms. Plaintiffs' mere conjecture that similar circumstances could arise again one day does not establish a live case or controversy to sustain Aliaj's non-redressable claims.

Plaintiffs likewise cannot rely on the "capable of repetition, yet evading review" exception to mootness. The challenged conduct was not of such brief duration as to evade judicial review, and Plaintiffs cannot demonstrate a reasonable expectation that Aliaj himself will again be subjected to the same action, especially since his wife's "alleged mental health incident turned out to be a language-related misunderstanding" and nothing more. ECF No. 55 at 4. Plaintiffs hastily attempt to manufacture an injury by newly asserting takings claims under the Fifth Amendment and the New Jersey State Constitution's Takings Clause. *Id.* at 23–25. But the FAC does not allege a takings claim or seek relief based on a deprivation of Aliaj's property interests. Moreover, Plaintiffs do not explain or allege how the temporary seizure of Aliaj's firearms constitutes a taking for "public use" requiring just compensation. Their takings claim is without merit.

Next, Plaintiffs argue that County Defendants are not arms of the State entitled to Eleventh Amendment immunity. Plaintiffs are mistaken. County Defendants' alleged conduct, including ensuring the proper enforcement of the Duty to Warn Law, or seeking a revocation of an FPIC or firearms confiscation in court, is conduct undertaken in the exercise of law enforcement and prosecutorial functions. Indeed, determining when state firearms law authorizes or requires confiscation, or initiating a court action to disarm an individual who may pose a danger to self or others if armed, necessarily involves legal knowledge and prosecutorial discretion. Under

controlling precedent, County Defendants act as arms of the State when performing such duties for public safety.

**LEGAL ARGUMENT**

## I. PLAINTIFFS CONCEDE ARGUMENTS THAT THEY FAILED TO ADDRESS IN THEIR OPPOSITION TO COUNTY DEFENDANTS' MOTION TO DISMISS.

"The failure to respond to a substantive argument to dismiss a count, when a party otherwise files opposition, results in a waiver of that count." *See Doe ex rel. Doe v. Small*, 654 F. Supp. 3d 376, 387 (D.N.J. 2023) (citation modified).

Here, Plaintiffs have waived two sets of claims. Plaintiffs make no response to County Defendants' argument that they are immune from damages claims under the Eleventh Amendment. *See generally* ECF No. 55. They have thus waived their opportunity to contest it. Plaintiffs' arguments as to De La Cruz also do not respond to Point IV of County Defendants' Brief, *see* ECF No. 53-2 at 24–31, which demonstrates that the FAC pleads no facts connecting County Defendants to the confiscation of De La Cruz's firearm or the denial of his FPIC. Because Plaintiffs have not addressed that argument, it should also be deemed waived. *See Powell v. Verizon*, 19-8418, 2019 WL 4597575, at *9 (D.N.J. Sept. 20, 2019) ("A plaintiff concedes a claim when she fails to oppose arguments in support of a motion to dismiss it under Fed. R. Civ. P. 12(b)(6)."). On that basis alone, Plaintiffs' damages claims and the claims brought by De La Cruz should be dismissed in their entirety.

## II. ALIAJ LACKS STANDING TO SEEK PROSPECTIVE DECLARATORY RELIEF AND HIS CLAIMS ARE MOOT.

Plaintiffs dispute County Defendants' argument that Aliaj lacks standing to seek prospective relief, contending that "Defendants cannot show that Aliaj lacked standing at the inception of the suit." *See* ECF No. 55 at 22. But standing is assessed separately as to each form of relief sought, and the plaintiff bears that burden throughout the litigation. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). In their opposition, Plaintiffs fail to establish that Aliaj has standing to seek prospective relief by demonstrating that he is likely to suffer future injury from County Defendants' challenged conduct. *See McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 223 (3d Cir. 2012).

Plaintiffs do not dispute the facts that moot Aliaj's claims. County Defendants withdrew their Superior Court motions against him on December 11, 2025. Aliaj retrieved every item of seized property on December 12. His FPIC remains operative. *See* ECF No. 32 ¶¶ 66–67. Rather, Plaintiffs assert that County Defendants have not met their burden in demonstrating Aliaj's case is moot due to their voluntary cessation of the challenged conduct. *See* ECF No. 55 at 21–22 (citing *Hartnett v. Pa. State Educ. Ass'n*, 963 F.3d 301, 306 (3d Cir. 2020)). The voluntary-cessation doctrine addresses a defendant who changes course unilaterally and therefore may return to his old ways once the case is dismissed. *Hartnett*, 963 F.3d at 306. The

touchstone is whether the defendant retains the freedom to resume the challenged conduct at will. *See id*.

Here, the challenged conduct cannot reasonably be expected to recur. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 92 (2013) (holding that where the challenged conduct has been definitively terminated and nothing survives to be resumed, the case is moot). County Defendants did not temporarily suspend an ongoing practice; they withdrew pending Superior Court motions and returned every seized item, restoring Aliaj to the precise position he occupied before April 17, 2025. *See* ECF No. 32 ¶¶ 66–67. The proceeding that caused the alleged injury no longer exists, and he can freely exercise his Second Amendment right. The challenged conduct cannot be resumed; a new proceeding could only be reinitiated on a new factual and statutory predicate. *Already* illustrates the point. The covenant there was executed by the defendant alone and in the midst of litigation, and the case was moot all the same, because the covenant left nothing of the challenged threat for the defendant to reassert. 568 U.S. at 88–89, 93–95.

Before municipal police officers could confiscate Aliaj's firearms again on the same basis, there would have to be (1) a new qualifying event involving his wife; (2) a new duty-to-warn report by a licensed practitioner under New Jersey law; (3) a new municipal law-enforcement response; and (4) a new discretionary decision by the Bergen County Prosecutor's Office to seek retention of seized firearms or

revocation of Aliaj's FPIC. Several of those steps lie beyond County Defendants' control and authority.

Moreover, Plaintiffs argue that the triggering event was a "language-related misunderstanding," resolved within four days by a discharge finding of Aliaj's wife "not presenting acutely anxious depressed suicidal or psychotic." *See* ECF No. 55 at 4–5. Plaintiffs' theory of the case is that these episodes were aberrations—misunderstandings and overreactions by others—and therefore the opposite of an event likely to recur. Plaintiffs cannot plead that the triggering event was a misapprehension caused by unique circumstances and simultaneously ask the Court to assume the same misapprehension will befall the same family again. These allegations are the type of attenuated chain of possibilities *Clapper v. Amnesty International USA* rejected, 568 U.S. 398, 409–10 (2013), and the contingent, judgment-dependent injuries *O'Shea v. Littleton* held too remote, 414 U.S. 488, 495–98 (1974). *See* ECF No. 53 at 12–14 (discussing aforesaid authorities). What Plaintiffs offer—that "[n]othing relevant has changed in their circumstances—they still live in the same municipalities, with the same people," *see* ECF No. 55 at 27—is precisely the "theoretical possibility" courts have deemed insufficient. C*ounty of Butler v. Governor of Pa.*, 8 F.4th 226, 231 (3d Cir. 2021).

The central authority relied on by Plaintiffs—*Hartnett*—forecloses their fallback argument that the unwritten challenged policies and Directive 2019-2

remain in effect such that nothing has changed. *See* ECF No. 55 at 27, 34. There, the challenged agency-fee language remained in effect, yet the case was moot. The court explained that the mootness inquiry focuses on the parties before it, and the plaintiffs neither alleged nor demonstrated any attempt to enforce the provision against them. 963 F.3d at 306–08.

Finally, even if a live controversy remained, the declaratory relief Aliaj seeks—a declaration that completed conduct "violated" his rights—is retrospective and independently barred by the Eleventh Amendment. *See Green v. Mansour*, 474 U.S. 64, 71–73 (1985); ECF No. 53-2, Point II.B. Aliaj's prospective and declaratory claims are therefore moot, his damages claims are barred, and no claim he pleads survives dismissal.

## III. ALIAJ'S CHALLENGE DOES NOT SURVIVE MOOTNESS UNDER THE "CAPABLE OF REPETITION, YET EVADING REVIEW" EXCEPTION.

Plaintiffs alternatively invoke the capable-of-repetition-yet-evading-review exception to overcome the mootness of Aliaj's claims. *See* ECF No. 55 at 24–27.[1] The exception requires Plaintiffs to satisfy two criteria: (1) that the challenged action did not continue long enough to be fully litigated prior to its cessation or expiration;

[1] County Defendants do not argue that De La Cruz's claims are moot, and the capable-of-repetition exception has no application to him as his firearm remains in Rochelle Park's possession. Plaintiffs' joint invocation of the doctrine on his behalf answers an argument County Defendants have not made.

and (2) that there is a reasonable expectation that the same complaining party will be subjected to the same action again. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982); *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam); *Hamilton v. Bromley*, 862 F.3d 329, 335 (3d Cir. 2017). The exception is narrow and available only in exceptional situations. *Lyons*, 461 U.S. at 109; *County of Butler*, 8 F.4th at 231. Unlike voluntary cessation, the exception carries no burden shift; the plaintiff must satisfy both prongs, and a mere physical or theoretical possibility of recurrence will not do. *Murphy*, 455 U.S. at 482; *County of Butler*, 8 F.4th at 231. Plaintiffs concede as much, acknowledging that "[t]he plaintiff must demonstrate there is more than a theoretical possibility of the action occurring against the complaining party again." *See* ECF No. 55 at 25. Plaintiffs satisfy neither criteria.

"Most cases utilizing [the capable-of-repetition-yet-evading-review exception] have involved official action that by its very nature could not, or probably would not, be able to be adjudicated while fully 'live.' Examples include short-term orders of a federal regulatory agency, restrictions on candidacy or participation in state elections, anti-abortion statutes, and durational residency requirements." *Marshall v. Whittaker Corp.*, 610 F.2d 1141, 1146 (3d Cir. 1979) (citation modified). Conduct that would otherwise continue indefinitely is not inherently too brief for review, and that distinction is dispositive—but-for the return of Aliaj's firearms, the challenged conduct would have gone on indefinitely. Plaintiffs cannot recast an

open-ended deprivation, shortened only by the return of property, as one too brief to review.

In any event, even Aliaj's deprivation itself was long enough to be fully litigated prior to its cessation. His firearms were confiscated on April 17, 2025, and returned on December 12, 2025—239 days, or nearly eight months. *See* ECF No. 32 ¶¶ 28, 67. *Gulden v. Exxon Mobil Corp.* found a 600-day deprivation not so short as to prevent judicial review, and its reasoning did not turn on that particular figure; rather, what mattered was that the conduct persisted long enough for a court to reach it. 119 F.4th 299, 306–07, 309 (3d Cir. 2024). *County of Butler* identifies what makes a limited-duration action reviewable: there, the challenged orders were susceptible of an expedited record and so were "not of too short a life to be reviewed." 8 F.4th at 231. Here, the same expedited avenues remained available to Aliaj throughout. He filed this action on November 3, 2025—while the deprivation was ongoing—and could have sought expedited relief during that time. The parallel Superior Court revocation proceeding supplied a second forum in which the same constitutional objections could have been pressed. The first criterion asks if the duration of the challenged action permitted full litigation, not whether a plaintiff availed himself of the process available to him.

The second criterion requires a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining

party. *Murphy*, 455 U.S. at 482; *Weinstein*, 423 U.S. at 149. A mere physical or theoretical possibility has never sufficed; were it otherwise, virtually any matter of short duration would be reviewable. *Murphy*, 455 U.S. at 482. As the Court in *Gulden* stated, "[t]he capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality." 119 F.4th at 309. Thus, "capable of repetition" is a "substantive term on which the moving party must provide a reasonable quantity of proof—perhaps even by the preponderance of the evidence." *Hamilton*, 862 F.3d at 335–37 (quoting *N.J. Tpk. Auth. v. Jersey Cent. Power & Light*, 772 F.2d 25, 33 (3d Cir. 1985)).

Plaintiffs here offer nothing more than that Aliaj "still live[s] in the same municipalit[y], with the same people." *See* ECF No. 55 at 27. Under that standard, almost every person who has ever been the subject of a governmental action would hold a perpetual claim. To the extent Plaintiffs read the Third Circuit's reference in *Lara v. Commissioner Pennsylvania State Police,* 125 F.4th 428, 445–46 (3d Cir. 2025), to "other individuals in the same age range" as relaxing the same-party requirement, s*ee* ECF No. 55 at 26, that reading cannot be squared with *Murphy* and *Weinstein.* The Supreme Court made clear it is required that there exist a reasonable expectation that the *same* complaining party will be subjected to the *same* action again. *See Murphy*, 455 U.S. at 482; *Weinstein*, 423 U.S. at 149.

The second criterion therefore turns on the likelihood that Aliaj, and not some other person, will be subjected to the same action again. As the FAC identifies no pending proceeding against Aliaj, no threatened proceeding, and no allegation that any triggering event is impending, the exception does not apply.

## IV. ALIAJ'S CHALLENGE DOES NOT SURVIVE MOOTNESS UNDER THE IMPROPERLY RAISED TAKINGS CLAIM.

Plaintiffs argue that the return of Aliaj's firearm does not moot his claim because the previous seizure of his firearm constitutes a temporary taking in violation of the Fifth Amendment and Article I, Paragraph 20 of the New Jersey State Constitution. But Plaintiffs have neither pled a deprivation of property interests, nor alleged any taking claims in the FAC.

"[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Commonwealth of Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citation modified). Likewise, a "[p]laintiff cannot defeat a motion to dismiss by raising new factual assertions . . . in his opposition." *Ibrahim v. Emrich*, 24-1780, 2024 WL 4511982, at *6 (D.N.J. Oct. 17, 2024); *see also Bell v. City of Philadelphia*, 275 F. App'x 157, 160 (3d Cir. 2008) (noting that a plaintiff may not amend the complaint through briefing); *Hamza v. United Cont'l Holdings, LLC*, 19-8971, 2020 WL 5757807, at *3 (D.N.J. Sept. 28, 2020) (rejecting new claims and factual allegations raised for the first time in opposition to a motion to dismiss).

Plaintiffs have not pled a takings cause of action in the FAC and cannot assert that claim for the first time in an opposition brief. The Court therefore should not consider their takings theory in determining whether Aliaj's claim is moot. Plaintiffs' takings claim is also without merit. The Takings Clause under the Fifth Amendment and the New Jersey State Constitution require that private property shall not be taken "for public use" without just compensation. U.S. Const. amend. V; N.J. Const. art. I., ¶ 20. The FAC "does not allege or explain how the seizure of [his firearms] constitutes a taking for 'public use.'" *Chey v. Labruno*, 608 F. Supp. 3d 161, 181 (D.N.J. 2022) (dismissing a Fifth Amendment takings claim for failure to explain the seized revolver's public use).

## V. COUNTY DEFENDANTS ARE ENTITLED TO ELEVENTH AMENDMENT SOVEREIGN IMMUNITY ON ALL CLAIMS.

Plaintiffs' sweeping assertion that "New Jersey . . . [county] prosecutors' offices enforcing state firearms laws do not enjoy Eleventh Amendment immunity in federal court with respect to Second Amendment rights," ECF No. 55 at 27, is inconsistent with their acknowledgment that the three-factor *Fitchik* test governs whether an entity qualifies as an arm of the State for Eleventh Amendment purposes. *See* ECF No. 55 at 30. Those positions cannot be reconciled: if the *Fitchik* test governs, then whether a county prosecutor's office enjoys Eleventh Amendment immunity must be determined under that test, rather than resolved categorically, as Plaintiffs suggest.

To be sure, "[t]he breadth of state sovereign immunity protects not only states, but expands to protect entities and persons who can show that, even though the State is not the named defendant, the state is the real, substantial party in interest." *Bennett v. City of Atlantic City*, 288 F. Supp. 2d 675, 679 (D.N.J. 2003) (citation and quotation marks omitted). To determine whether the State is the real party in interest, courts look to (1) whether payment of a judgment resulting from the suit would come from the State treasury; (2) the status of the entity under state law; and (3) the entity's degree of autonomy. *See Fitchik v. N.J. Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (3d Cir. 1989). Here, Plaintiffs oppose County Defendants' argument as to the first factor only.

"If the State is formally liable for judgments against an entity, that entity is more likely to be an arm of the State because its liabilities necessarily undermine the State's ability to make choices about how to allocate the State fisc." *Galette v. N.J. Transit Corp.*, 607 U.S. 509, 525 (2026). "Under New Jersey law, when county prosecutors and their subordinates perform law enforcement and prosecutorial functions, 'they act as agents of the State,' and the State must indemnify a judgment arising from their conduct." *Hyatt v. County of Passaic*, 340 F. App'x 833, 836 (3d Cir. 2009) (quoting *Wright v. State*, 778 A.2d 443, 461–62, 464 (N.J. 2001)); *see also Gramiccioni v. Dep't of L. & Pub. Safety,* 235 A.3d 129, 144 (N.J. 2020) (discretionary decisions by a prosecutor's office related to return to law enforcement

officer of seized service weapons is "part of the State-delegated responsibility to enforce the law that the Attorney General has entrusted to prosecutors."). Given this, Plaintiffs attempt to characterize the "cohabitant gun confiscation policy" as "an administrative function performed by Musella, rather than a traditional law enforcement function." ECF No. 55 at 32. But it cannot be squared with controlling precedent. The Third Circuit has expressly recognized that "[t]raining and policy decisions that require legal knowledge and discretion are related to prosecutorial functions." *Hyatt*, 340 F. App'x at 837 (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009)).

And courts in this District have repeatedly reached the same conclusion. *See, e.g.*, *Pacheco v. Passaic Police Dep't*, 12-6929, 2014 WL 1545221, at *6 (D.N.J. Apr. 2, 2014) (holding that a county prosecutor's office's "procedures, policy, and training regarding searches, seizures, investigations and detentions require legal knowledge and discretion, and are therefore related to prosecutorial functions"); *Adams v. City of Atlantic City*, 13-7133, 2014 WL 2094090, at *5 (D.N.J. May 20, 2014) (holding that a county prosecutor's office's alleged policy or practice of failing to investigate internal affairs complaints relates to "law enforcement/investigatory duties"). Adopting and applying a firearms confiscation policy necessarily requires legal knowledge and discretion concerning the seizure of firearms under state law; *a fortiori* County Defendants' implementation and enforcement of policies designed

to secure public safety from potential gun violence constitutes a law enforcement and prosecutorial function. County Defendants are therefore entitled to Eleventh Amendment immunity.

## VI. PLAINTIFFS' REQUEST TO AMEND THE FIRST AMENDED COMPLAINT SHOULD BE DENIED.

In the alternative, Plaintiffs "request leave to submit a Second Amended Complaint to correct whatever issues this Court finds." ECF No. 55 at 2. While amendments may be freely granted in the interests of justice, *see* Fed. R. Civ. P. 15, courts generally deny a motion to amend where the proposed amendment would be legally futile. *See F.D.I.C. v. Bathgate*, 27 F.3d 850, 875 (3d Cir. 1994) (affirming denial of leave to amend on grounds of legal futility); *In re Alpharma Inc. Sec. Litig.*, 372 F.3d 137, 152–53 (3d Cir. 2004) ("Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." (citation modified)).

Here, amending the complaint to attempt to cure any of the deficiencies would be futile. Plaintiffs abandoned Hroncich's claims, but his claims are also time-barred. *See* ECF No. 53-2 at 21–24. De La Cruz does not (and cannot) state a claim upon which relief may be granted, and an injunction or declaratory judgment against County Defendants would redress no harm they are alleged to have caused. *Id.* at 25–29. Aliaj has no standing to seek prospective declaratory relief, and his claims are moot. *Id.* at 13–14. Plaintiffs' request for leave to amend should be thus denied.

## **CONCLUSION**

For the foregoing reasons, County Defendants respectfully request this Court grant the motion to dismiss.

Respectfully submitted,

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY

By: */s/ Samuel T. Eglow*
Samuel T. Eglow
Deputy Attorney General

Dated: September 14, 2026