CLEARY | GIACOBBE | ALFIERI | JACOBS | LAGANA

MARY ANNE GROH Partner
mgroh@cgajl.law

**Reply to: Oakland Office**

September 14, 2026

**Via ECF**
Honorable Esther Salas, U.S.D.J.
District Court for the District of New Jersey
Martin Luther King Building and U.S.
Courthouse 50 Walnut Street
Newark, New Jeresy 07102

**Re: Aliaj, et al. v. Bergen County Prosecutor's Office, et al.
Case No. 2:25-CV-17131(ES)**

Dear Judge Salas,

Please accept this letter brief, in lieu of a more formal brief, in reply to the Opposition Brief by Plaintiffs to the Motion to Dismiss by Defendant Borough of Fort Lee ("Fort Lee").

Fort Lee moved to dismiss the First Amended Complaint ("FAC") filed by Plaintiff Elsid Aliaj ("Mr. Aliaj") on two (2) grounds. Firstly, that Mr. Aliaj has not alleged a viable claim against Fort Lee under 42 U.S.C. § 1983 for alleged violations of rights under the Second Amendment of the United States Constitution because all actions taken by Fort Lee were pursuant to the "Confiscation Policy" implemented by the Bergen County Prosecutor's Office ("BCPO"), not a policy of Fort Lee. For that same reason, Fort Lee is immune from liability since Fort Lee police officers were enforcing law enforcement directives established by the BCPO.

While Mr. Aliaj mentions the seminal case of Monell v. Department of Social Services, 436 U.S. 658 (1978) in his opposition Brief, the discussion is limited to whether a municipality can be sued under Section 1983. (Pb29). However, as noted in Fort Lee's moving brief, based on the holding in Monell, Fort Lee can only be held liable for damages for violations under Section 1983 if the deprivation of constitutional rights was caused by a municipal policy or custom. Id. at 694. See also, Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990).

As to Fort Lee, Mr. Aliaj alleges that Fort Lee wrongfully confiscated the firearms pursuant to the County's Confiscation Policy and maintained possession thereof pursuant to that policy until returned to Mr. Aliaj. By Mr. Aliaj's allegations, he clearly alleges that he was harmed by policies and directives promulgated by the County Defendants that were followed by Fort Lee police officers. Based on the foregoing, the FAC by Mr. Aliaj as to Fort Lee should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because he has failed to state a claim upon which relief can be granted against Fort Lee, because the alleged violations were a result of Fort Lee's compliance with the BCPO's directive.

Fort Lee also argues that it is immunity from liability based on its good faith enforcement of the BCPO directives. Fort Lee's police officers are required to comply with directives of the Bergen County Prosecutor in performance of their duties. Passaic Cnty. PBA Loc. 197 v. Off. of Passaic Cnty. Prosecutor, 385 N.J. Super. 11, 17 (App. Div. 2006) *citing* N.J.S.A. 52:17B–112(b). See also, Bulur v.

New Jersey Off. of Att'y Gen., 480 N.J. Super. 395, 404 (App. Div. 2024), rev'd on other grounds, 261 N.J. 275, (2025); State v. Winne, 12 N.J. 152, 167 (1953); Gerofsky v. Passaic County SPCA, 376 N.J. Super. 405, 417 (App. Div. 2005). Mr. Aliaj does not, and cannot, refute this legal proposition.

Evaluation of immunity under N.J.S.A. 59:3–3 for good faith enforcement of law is based on the same standard of reasonableness that applies in Section 1983 cases. Gurski v. New Jersey State Police Dept., 242 N.J. Super. 148, 163 (1990). The relevant focus is whether the "objective (albeit fact-specific) question whether a reasonable officer could have believed [his activity] to be lawful, in light of clearly established law and the information the searching officers possessed." Anderson v. Creighton, 483 U.S. 635, 641 (1987). See also, Kirk v. City of Newark, 109 N.J. 173 (1988). Mr. Aliaj does not refute any of the foregoing legal authority.

While Plaintiffs make arguments in the opposition brief as to why they believe sovereign immunity does not apply; there are no arguments as to why Fort Lee does not enjoy immunity from Mr. Aliaj's claims since – as Mr. Aliaj alleges in the FAC – the Fort Lee police officers confiscated the firearms and retained them in accordance with BCPO policies. (Ex. A to Moving Brief at ¶¶ 33 & 39.)

Because immunity for claims under Section 1983 action should be decided early in the proceedings, Simmons v. Loose, 418 N.J. Super. 206, 222 (App. Div. 2011) *citing* Schneider v. Simonini, 163 N.J. 336, 356, cert. denied, 531 U.S. 1146, 121 S.Ct. 1083, 148 L.Ed.2d 959 (2001), the Court can and should rule on

the applicability of immunity on this motion to dismiss and dismiss Count One of the Complaint for this additional reason.

**CONCLUSION**

For all of the foregoing reasons, as well as the reasons set forth in the Moving Brief, Fort Lee respectfully requests this Court enter an order pursuant to Fed. R. Civ. P. 12(b)(6) dismissing Count One of the First Amended Complaint in its entirety.

Respectfully Submitted,
**CLEARY GIACOBBE ALFIERI JACOBS LAGANA LLC**
Attorneys for Defendant Borough of Fort Lee

By: /s/ Mary Anne Groh
MARY ANNE GROH