HUNTINGTON BAILEY, L.L.P.
COUNSELLORS AT LAW
373 KINDERKAMACK ROAD
WESTWOOD, NEW JERSEY 07675
(201) 666-8282
FAX (201) 666-9625
WWW.HUNTINGTONBAILEY.COM

RUSSELL R. HUNTINGTON (retired)
WILLIAM J. BAILEY
DERMOT J. DOYLE
SIOBHAN SPILLANE BAILEY *
DAVID S. LAFFERTY
MAURA O'HALLORAN DEEGAN
JOANN RICCARDI SCHUMAN

* Also Member PA Bar

September 28, 2026

***Via ECF***
Honorable Esther Salas, United States District Judge
District Court for the District of New Jersey
Martin Luther King Building and US Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re: De La Cruz Franco v. Township of Rochelle Park, et als.**
**Civil Action No.: 2:25-cv-17131 (ES) (ADS)**

Dear Judge Salas:

Kindly accept this Letter Memorandum, in lieu of a formal Brief, by way of Reply to the Opposition Brief filed by Plaintiffs relative to the Motion to Dismiss on behalf of Defendant, Township of Rochelle Park ("Township" or "Rochelle Park").

Rochelle Park seeks dismissal of the First Amended Complaint filed by Plaintiff, Luis Rene De La Cruz Franco (hereinafter "De La Cruz") based on two separate grounds. Initially, the Township asserts that Plaintiff, De La Cruz, has not alleged a viable claim against Rochelle Park pursuant to 42 U.S.C. § 1983, because all actions taken by Rochelle Park were pursuant to the policies and directives of the Co-Defendants, Bergen County Prosecutor's Office ("BCPO") and Bergen County Prosecutor, Mark Musella ("Musella"). Additionally, pursuant to applicable

provisions of Title 59 of the New Jersey statutes and the New Jersey Tort Claims Act, Rochelle Park is entitled to good faith immunity for the confiscation of the firearm and ammunition from Mr. De La Cruz, since the Rochelle Park police officers were merely enforcing law enforcement policies and directives established by the BCPO, which Rochelle Park was not at liberty to disobey.

Initially, there is a critical factual error in the First Amended Complaint filed by Plaintiffs, which is restated in the Opposition to Rochelle Park's Motion for Summary Judgment. Plaintiff, De La Cruz, contends that Rochelle Park obtained a Temporary Emergency Restraining Protective Order ("TERPO") prior to confiscating the weapon and ammunition from Mr. De La Cruz. That allegation is patently false, and apparently arises from a proposed Consent Order presented by the BCPO to counsel for Plaintiffs prior to the filing of the First Amended Complaint, which references such a TERPO. In fact, all actions of the Rochelle Park Police Department were based solely and entirely on the policies and directives of the BCPO, which were detailed in the moving papers filed on behalf of Rochelle Park, and with which the Police Chief and police officers of that municipality are legally obligated to comply.

Inasmuch as all actions taken by the Rochelle Park Police Department relative to the claims of Plaintiff, De La Cruz, were undertaken in furtherance of the policies and directives of the BCPO, the seminal case of *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978) mandates dismissal of the claims of Mr. De La Cruz against the Township. As noted in the moving Brief of Rochelle Park, the Township can only be held liable for damages arising from purported violations of plaintiff's Constitutional rights under § 1983 if such deprivation was caused by a municipal policy or custom; *Monell*, *supra*, at 694. Thus, since the Township of

Rochelle Park has no municipal policy or custom relating to confiscation of weapons under the circumstances at issue in the De La Cruz action, and further is compelled by law to obey all policies and directives issued by the BCPO, Plaintiffs' First Amended Complaint fails to state a cause of action against Rochelle Park, and must therefore be dismissed.

Additionally, as also detailed in the Township's moving Brief, Rochelle Park is immune from liability based on its good faith enforcement of the BCPO's policies and directives. Pursuant to the New Jersey Tort Claims Act ("TCA"), and specifically N.J.S.A. 59:3-3, public entities are immune from liability when they act in good faith in enforcement of the law. The evaluation of immunity under the TCA utilizes a reasonableness standard, that is whether a reasonable police chief or police officer could have believed the actions taken were lawful in light of established law and the factual information possessed by the searching officers; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). In fact, Plaintiff, De La Cruz, does not dispute the applicability of the good faith immunity under the cited section of the New Jersey Tort Claims Act as applicable to Rochelle Park under the facts and circumstances presented in the instant Action. The immunity claims in a § 1983 action should be decided early in the proceedings, in order to avoid the needless expense and waste of taxpayer money defending non-meritorious claims, such as those advanced in the instant First Amended Complaint filed by Plaintiff, De La Cruz, against Rochelle Park.

**Conclusion**

For the reasons set forth herein, together with those detailed in the moving Brief previously filed on behalf of Rochelle Park in the instant Action, the Township of Rochelle Park

respectfully requests the Court enter an Order pursuant to F.R.C.P. 12(b)(6), dismissing Count Three of the First Amended Complaint in its entirety.

Respectfully submitted,
**HUNTINGTON BAILEY, LLP**
Attorneys for Defendant, Township of Rochelle Park

Dated: 9/28/26

By: ______________________
Dermot J. Doyle, Esq.

cc: All Counsel – *(via ECF)*