State of New Jersey
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
124 HALSEY STREET
PO BOX 45029
NEWARK, NJ 07101

MIKIE SHERRILL
*Governor*

JENNIFER DAVENPORT
*Attorney General*

MICHAEL C. WALTERS
*Director*

October 2, 2026

**VIA ECF**
Hon. Esther Salas, U.S.D.J.
United States District Court
Martin Luther King Bldg. & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

**Re: Aliaj v. Bergen County Prosecutor's Office**
**Civil No. 25-17131 (ES/MAH)**
**County Defendants' Limited Objection to Proposed Consent Order (ECF No. 65)**

Dear Judge Salas:

This office represents Defendants the Bergen County Prosecutor's Office ("BCPO") and Bergen County Prosecutor Mark Musella (together, the "County Defendants"). We write regarding the proposed Consent Order submitted in connection with the settlement among Plaintiffs, Defendant Township of Rochelle Park, and Defendant Borough of Fort Lee (ECF No. 65).

The County Defendants do not oppose the dismissal of Rochelle Park and Fort Lee. The County Defendants object, however, to the highlighted portions of the following recitals, and respectfully request that, upon entering the Consent Order, the Court expressly provide that its entry reflects only the agreement of the settling parties and does not constitute findings of fact or admissions binding on, or attributable to, the County Defendants. In the alternative, the County Defendants respectfully request that the Court decline to enter the highlighted portions of the following recitals:

> *WHEREAS, Rochelle Park confiscated weapons and ammunition from Plaintiff De La Cruz* ***pursuant to standing policies and directives of the Bergen County Prosecutor's Office (hereinafter "BCPO"), as such policies and directives are detailed in Plaintiffs' First Amended Complaint[.]***
>
> *WHEREAS, Fort Lee confiscated weapons and ammunition from Plaintiff Aliaj* ***pursuant to the Confiscation Policy of the BCPO identified in Plaintiffs' First Amended Complaint[.]***
>
> ***WHEREAS, at all relevant times in connection with Plaintiffs' allegations, Fort Lee and Rochelle Park were acting pursuant to at least one of the policies and directives issued by the BCPO and described in the First Amended Complaint[.]***

The County Defendants also object to operative paragraphs 1 and 2 of the proposed Consent Order, which likewise rest on "the policies and directives of the BCPO identified in Plaintiffs' First Amended Complaint," and to any other portion of the Order characterizing the challenged conduct as official policies or directives of the BCPO or stating that Fort Lee and Rochelle Park acted pursuant to them.

The County Defendants object on three grounds:

1. **The County Defendants are not parties to the Consent Order, and neither it nor its recitals can bind them.** The County Defendants did not agree to these characterizations and are not signatories to the settlement. Parties who resolve litigation by settlement "may not dispose of the claims of a third party, and *a fortiori* may not impose duties or obligations on a third party, without that party's agreement," and "a court may not enter a consent decree that imposes obligations on a party that did not consent to the decree." *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 529–30 (1986). Such a decree "does not bind" the non-consenting party and "imposes no legal duties or obligations" on it. *Id.* at 530. The recitals therefore cannot be treated as admissions by, or findings binding upon, the County Defendants in this or any other proceeding.

2. **The recitals are the settling parties' stipulations, not adjudicated facts, and carry no evidentiary or preclusive weight against the County Defendants.** A consent order rests on the parties' agreement, not on evidence or any adjudication by the Court; the recitals appear only as the settling parties' characterizations and were never litigated or proven. For that reason, "settlements ordinarily occasion no issue preclusion . . . unless it is clear . . . that the parties intend their agreement to have such an effect," and a consent judgment "has no greater dignity, so far as collateral estoppel is concerned, than any judgment entered only as a compromise of the parties." *Arizona v. California*, 530 U.S. 392, 414 (2000).

3. **The recitals pre-judge the very attribution issue contested in the County Defendants' pending motion to dismiss.** Whether the alleged BCPO "policies and directives" exist, and whether the municipal defendants' conduct is attributable to the County Defendants, are precisely the questions raised in the County Defendants' pending motion to dismiss (ECF No. 53). In particular, the motion contends that Plaintiff De La Cruz fails to state a claim because the First Amended Complaint pleads no facts connecting the County Defendants to the confiscation of his firearm, which arose from a Temporary Extreme Risk Protective Order obtained by Rochelle Park rather than from any County Defendant's conduct. The challenged recitals assert the opposite as fact — that Rochelle Park and Fort Lee confiscated weapons "pursuant to standing policies and directives of the [BCPO]." Entry of those recitals in a Court-signed Order would manufacture record support for the precise attribution the County Defendants dispute and would prejudice the County Defendants, who are entitled to be heard before an order affecting their position is entered. The settling parties should not be permitted to resolve that disputed issue by stipulation in an order to which the County Defendants are not parties.

Finally, the County Defendants respectfully request leave to file a short supplemental brief addressing the effect of this recent development on their pending motion to dismiss (ECF No. 53). Good cause supports the request. After that motion was fully briefed, Defendant Rochelle Park returned the firearm and ammunition previously seized from Plaintiff De La Cruz on September 16, 2026, and Plaintiffs settled with and agreed to dismiss Defendants Rochelle Park and Fort Lee (ECF No. 65).

These events postdate the parties' briefs and bear directly on the justiciability questions already before the Court. The proposed supplemental brief would be limited to the effect of these intervening developments, would not repeat the recitation of facts or rehash arguments in the existing briefs. The County Defendants are prepared to file on any schedule the Court directs and will, of course, afford Plaintiffs an opportunity to respond.

We thank the Court for its attention to this matter.

Respectfully yours,

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY

By: *\/s/ Samuel T. Eglow*

Samuel T. Eglow
Deputy Attorney General
(609) 380-9743
samuel.eglow@law.njoag.gov

cc: All Counsel